00 0429LG TX13595

In the United States District Court
For the Southern District of Texas
Houston Division

Entertainment By J & J Inc.
    Plaintiff

Versus

Jesus Alonso Pena, Defendant, and
ANEP Inc., both doing business as Dolce Vita

    Defendants

Civil Case

H-02-2491

B-02-175

## CIVIL COMPLAINT

### Jurisdiction

1. This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. 553 and 605.

2. Jurisdiction in this Court is proper under 28 U.S.C. 1331.

3. Venue in this Court is proper under 28 U.S.C. 1391(b) as these claims arose in this district.

### Summary of facts.

This is a suit for damages for the pirating of a pay-for-view boxing match ("event"). The boxers were Lennox Lewis vs. Michael Grant, the "event date" was April 29, 2000. The venue was Madison Square Garden, in New York, New York. The piracy occurred at "Dolce Vita" ("establishment"), at 424 E. Van Buren, Harlingen, Texas 78550 ("premises"). The Texas Alcoholic Beverage Commission's records show that the liquor license for the location of the bar is in the name of ANEP, Inc. Federal laws allow actual and special damages.

### Parties

4. Plaintiff, Entertainment By J & J Inc., sues ANEP Inc., doing business as Dolce Vita, defendant, and Jesus Alonso Pena, defendant, also doing business as Dolce Vita.

5. The Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in San Jose, California.

6. The Defendant corporation, ANEP Inc., is authorized to and is transacting business as Dolce Vita, (the "establishment" or "the premises") from its principal place of business located at the following locations 424 E. Van Buren, Harlingen, Texas 78550.

7. Defendant, Jesus Pena, is, upon information and belief, an owner of the corporation, and runs the bar.

8. Defendant, Jesus Pena, is believed to be the bartender. The liquor license for he establishment is held by ANEP, Inc., defendant.

## Preliminary Background

9. Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the event date, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations like theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas (the "License Agreement"). Plaintiff paid substantial fees for its license.

10. Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Texas.

11. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Plaintiff.

12. Pursuant to the License Agreement, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted to such establishments the right to broadcast the Event in exchange for a fee.

13. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

14. Transmission of the Event was available to the Defendant to purchase for broadcast in establishment, at the premises. Had they done so, they would have been authorized to receive, transmit and publish the Event in that location. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

15. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

16. On the event date, in violation of Plaintiff's rights and federal and state law, the Defendant willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendant assisted in the receipt of the interstate communication of the Event. The Defendant then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to their patrons within the premises.

17. The Defendant misappropriated the licensed exhibition of Plaintiff of the Event and infringed upon the exclusive rights of Plaintiff while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

18. The Defendant enabled the patrons within the premises to view the Event, which neither the Defendant nor the patrons were entitled to do.

19. The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

20. The Defendant were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

21. All of Plaintiff's allegations are to be considered as asserted in all counts and portions of the pleadings.

### COUNT I, VIOLATION OF 47 U.S.C. 553.

22. The Communications Act of 1934, as amended, 47 U.S.C. 553 ("Section 553") provides, in relevant part: No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law. 47 U.S.C. 553(a)(1).

23. The Defendant's wrongful actions in connection with the Event, as described above, were in violation of Section 553.

24. Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of [553] may bring a civil action in a United States district court" to recover damages as described further in 553(c).

25. Plaintiff is a person aggrieved by Defendant's violations of Section 553, and it is therefore authorized to institute this action against the Defendant to recover damages from the Defendant for their violations of Section 553 and their interference with Plaintiff's proprietary rights.

26. As a result of the Defendant's wrongful acts, Plaintiff is entitled to the statutory damages provided for in Section 553.

27. Because of Defendants' wrongful actions, Plaintiff is entitled to judgment against the Defendant for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to 553(c)(2)(C).

28. Plaintiff requests that this Court enter judgment, jointly and severally, against the Defendant for

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to 553(c)(3)(B);

(c) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 553(c)(2)(C); and (d), and such other and further relief as the Court deems just and proper.

## COUNT II, VIOLATION OF 47 U.S.C. 605

29. The Communications Act of 1934, as amended, 47 U.S.C. 605 ("Section 605"), provides in relevant part:

No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . 47 U.S.C. 605(a).

30. The Defendant's wrongful actions in connection with the Event, as described above, were in violation of Section 605.

31. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication . ." may bring a private cause of action against one who acts in violation of Section 605.

32. By virtue of the License Agreement, Plaintiff maintained proprietary rights in the intercepted communication of the Event. Therefore, Plaintiff is an aggrieved person and is entitled to recover damages from the Defendant for violations of Section 605 and their interference with the proprietary rights of Plaintiff.

33. As a result of the Defendant's wrongful acts, Plaintiff is entitled to the statutory damages provided for in Section 605.

34. Because of Defendant's wrongful actions, Plaintiff is entitled to judgment against the Defendant for

(a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to 605(e)(3)(C)(i)(II);

(b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to 605(e)(3)(C)(ii); and

(c) full costs, including reasonable attorney's fees, pursuant to 605(e)(3)(B)(iii).

Plaintiff requests that this Court enter judgment, jointly and severally, against the Defendant's for

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to 605(e)(3)(B)(iii); and (d) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Riecke Baumann
Attorney at Law
SBOT # 01931700
1601 Westheimer Road
Houston, Texas 77006
T/P   (713) 529-1600
Fax   (713) 520-6417
Riecke@TexasCollect.com