United States District Court
Southern District of Texas
FILED

JAN 2 4 2003

Michael N. Milby
Clerk of Court

In the United States District Court
For the Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| Entertainment by J&J Inc. | ✦ | Civil Case |
| Plaintiff | ✦ | |
| | ✦ | B-02-175 |
| Versus | ✦ | |
| Jesus Alonso Pena, & ANEP Inc., d/b/a Dolce Vita | | |
| Defendant | ✦ | Judge Tagle |

Discovery/Case Management Plan
Under Rule 26(f)
Federal Rules of Civil Procedure

1. State where and when the meeting of the parties required by Rule 26(1) was held, and identify the counsel who attended for each party.

    The plaintiff has made several attempts to contact the defendant. The defendant has not responded and has failed to answer complaint. Plaintiff is filing a motion for default judgment.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. Briefly describe what this case is about.

    This is a suit for piracy of a pay for view boxing match.

4. Specify the allegation of federal jurisdiction.

    This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. 553 and 605. Jurisdiction in this Court is proper under 28 U.S.C. 1331.

5. Name the parties who disagree and the reasons.

    None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

7. List anticipated interventions.

    None.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiff has made its initial disclosures. Plaintiff received the notice of Interested Parties from the defendant. Defendant has filed no answer to the complaint.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       No agreed discovery plan exists, but the plaintiff's attorney believes that the case is simple. Plaintiff will need discovery regarding whether the event was broadcast, who attended, what income was derived, and whether defendant was authorized to broadcast the event (damages).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       Defendant, as soon as the rules allow.

    C. When and to whom the defendant anticipates it may send interrogatories.

       Unknown.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

       Plaintiff may depose the defendant, within the next 90 days.

    E. Of whom and by when the defendant anticipates taking oral depositions.

       Unknown.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

       Plaintiff expects its only witness to be its attorney, for attorney's fees. It may disclose an expert as to damages, and can do so within 30 days.

    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       None is expected.

    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       Unknown.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Unknown

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

        Plaintiff sent interrogatories, requests for production, and requests for admissions on January 16, 2003.

13. State the date the planned discovery can reasonably be completed.

    180 days. (May 30, 2003) Sooner, if the Court desires.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(1) meeting.

    Not likely.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The plaintiff had offered to enter in to settlement discussions with the plaintiff.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Plaintiff is in favor of mediation and believes it would be useful.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff agrees.

18. State whether a jury demand has been made and if it was made on time.

    None.

19. Specify the number of hours it will take to present the evidence in this case.

    Four hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Default judgment.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiff mailed to the court on January 20, 2003

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

<div style="display: flex;">

_____  
Riecke Baumann  
Attorney for Plaintiff  
SBOT 01931700  
1601 Westheimer Road  
Houston, Texas 77002  
T/p 713 529-1600  
Fax 713 520-6417  
Riecke@TexasCollect.com

_____  
Jesus Alonso Pena, & ANEP Inc., d/b/a Dolce Vita  
Pro Se  
310 E. Arroyo Drive,  
Harlingen, Texas 78550  
Tel: 956 499-4801

</div>

# The Baumann Law Firm

1601 Westheimer
Houston, Texas 77006-3795
Telecopier: (713)520-6417
(713) 529-1600
Riecke@TexasCollect.com

**Riecke Baumann**
Board Certified Consumer Bankruptcy
Texas Board of Legal Specialization

Texas Bar Association
# 01931700

---

**Message:**

Date 1/24/2003

Attention, Law Clerk Henry Nicholas:

Thanks for your call. Attached is an unsigned copy of the report of conference. We are negotiating with the defendant, who is pro se. Riecke Baumann

---

| To: Judge Tagle | From : Riecke Baumann |
|---|---|
| Company : Brownsville Federal Court | Company : |
| Fax Number : 19565747416 | Fax Number : 713-520-6417 |
| Pages including this cover page: 5 | Subject : Scheduling order |